1 Christian J. Scali, Esq. (SBN 193785)
Robert C. Mizar, Esq. (SBN 207221)
2 John P. Swenson, Esq. (SBN 224110)
**THE SCALI LAW FIRM**
3 800 Wilshire Boulevard, Suite 400
Los Angeles, California 90017
4 Telephone:   (213) 239-5622
Facsimile:    (213) 239-5623
5 cscali@scalilaw.com
rcmizar@scalilaw.com
6 jswenson@scalilaw.com

7 Attorneys for Defendants,
**LRJ Automotive, LLC dba Jaguar Land Rover Cerritos**
8 **(erroneously sued and served as RP Automotive, Inc.**
**dba Penske Jaguar Land Rover Cerritos), and Aksel Sardaryan**
9

10

11                UNITED STATES DISTRICT COURT

12        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

13

14 PAUL CHIU, an individual, *et al.*          | CASE NO.: 2:17-cv-02877-JFW-RAO

15                Plaintiffs,                   [Assigned to the Hon. John F. Walter]

16                                              **DEFENDANTS LRJ**
     v.                                         **AUTOMOTIVE, LLC AND AKSEL**
17                                              **SARDARYAN'S NOTICE OF**
                                                **MOTION AND MOTION TO**
18 PENDRAGON NORTH AMERICA,                     **DISMISS PLAINTIFF'S FIRST**
     INC. dba HORNBURG JAGUAR                   **AMENDED COMPLAINT;**
19 LAND ROVER SANTA MONICA                      **MEMORANDUM OF POINTS AND**
     and HORNBURG LAND ROVER                    **AUTHORITIES; DECLARATION**
20 HOLLYWOOD, a California                      **OF ROBERT C. MIZAR**
     Corporation, *et al.*
21
                                                Date:  June 5, 2017
22                Defendants.                   Time: 1:30 P.M.
                                                Ctrm:  7A
23

24

25

26 **TO PLAINTIFF AND TO THE HONORABLE COURT:**

27        PLEASE TAKE NOTICE that on June 5, 2017 at 1:30 P.M. in Courtroom

28 7A of the above-entitled Court, the Honorable John F. Walter, Judge, presiding,

1  defendants LRJ Automotive, LLC dba Jaguar Land Rover Cerritos and Aksel

2  Sardaryan (collectively "LRJA"), will move to dismiss the claims for relief alleged

3  in the First Amended Complaint ("FAC") of plaintiff Paul Chiu pursuant to

4  Federal Rule of Civil Procedure 12(b)(6).  Grounds for the motion are:

5        **First Claim for Relief: Violation of the Unruh Act.**

6        Plaintiff fails to state a claim for relief because the FAC fails to state a claim

7  upon which relief may be granted, and plaintiff lacks standing to assert this claim.

8        **Second Claim for Relief: Violation of California Business and**

9  **Professions Code §§ 17200, *et seq.***

10       Plaintiff fails to state a claim for relief because the FAC fails to state a claim

11  upon which relief may be granted, and plaintiff lacks standing to assert this claim.

12       The motion is based on this notice, the memorandum of points and

13  authorities, the FAC, on the declaration of Robert C. Mizar, and upon oral

14  argument asserted by LRJA at the hearing on the motion.

15       Compliance with Local Rule 7-3.  This motion is made following LRJA's

16  meet and confer attempts as more particularly set forth in the Declaration of Robert

17  C. Mizar.

18

19  DATED: May 4, 2017                    **THE SCALI LAW FIRM**

20

21                                        BY: _/s/ Robert C. Mizar_____

22                                        Robert C. Mizar

23                                        rcmizar@scalilaw.com

24                                        Christian J. Scali
                                          John P. Swenson

25                                        Attorneys for Defendants,

26                                        **LRJ AUTOMOTIVE, LLC DBA**
                                          **JAGUAR LAND ROVER**

27                                        **CERRITOS and AKSEL**
                                          **SARDARYAN**

28

# TABLE OF CONTENTS

**Page**

1.    INTRODUCTION ..................................................................1

2.    SUMMARY OF PLEADINGS .................................................1

    A.    Complaint.................................................................1

    B.    First Amended Complaint................................................2

3.    PLAINTIFF PAUL CHIU LACKS STANDING TO MAINTAIN THIS ACTION AGAINST DEFENDANT LRJA.....................................3

4.    A CLASS ACTION CANNOT BE MAINTAINED AGAINST DEFENDANT LRJA ........................................................4

5.    PLAINTIFFS FAIL TO STATE A VIABLE CLAIM UNDER THE UNRUH ACT ........................................................5

6.    PLAINTIFFS FAIL TO STATE A VIABLE CLAIM UNDER BUSINESS AND PROFESSIONS CODE §§ 17200 *et seq.*.......................7

7.    CONCLUSION ........................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL AND STATE CASES**

Bower v. AT&T Mobility, LLC,
    196 Cal. App. 4th 1545 (2011)` ....................................................... 7

Daro v.Superior Court,
    151 Cal. App. 4th 1079 (2007) ........................................................ 7

Henry v. Circus Circus Casinos, Inc.
    223 F.R.D. 541 (D. Nev. 2004) ........................................................ 4

Kwikset Corp. v. Superior Court,
    51 Cal. 4th 310 (2011) .................................................................... 7

Lee v. Oregon,
    107 F.3d 1382 (9th Cir. 1997) .......................................................... 3

Lierboe v. State Farm Mutual Automobile Insurance Company,
    350 F.3d 1018 (9th Cir. 2003) .......................................................... 6

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) ......................................................................... 3

Simon v East Kentucky Welfare Rights Organization,
    426 U.S. 26 (1976) ........................................................................... 3

Valley Forge Christian College v American United for Separation
of Church and State, Inc.,
    454 U.S. 464 (1982) ......................................................................... 3

Warth v. Seldin,
    422 U.S. 490 (1975) ......................................................................... 3

Whitmore v Federal Election Commission,
    68 F.3d 1212 (9th Cir. 1995) ............................................................ 3

**FEDERAL AND STATE STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* ................................................................. 7

Cal. Civ. Code §§ 51, *et seq.* ............................................................................... 5, 7

Cal. Civ. Code § 52 ................................................................................................. 5

Cal. Civ. Code § 52(c) ........................................................................................... 5

42 U.S.C. § 1981 ..................................................................................................... 7

Fed. R. Civ. P. 23 .................................................................................................... 4

Fed. R. Civ. P. 23(a)(1-4) ...................................................................................... 4

Fed. R. Civ. P. 23(a)(2) .......................................................................................... 4

Fed. R. Civ. P. 23(a)(3) .......................................................................................... 4

Fed. R. Civ. P. 23(a)(4) .......................................................................................... 4

**OTHER AUTHORITIES**

Cal. Civ. Jury Instruction 3020 .............................................................................. 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

The class action first amended complaint ("FAC") alleges that several Land Rover dealerships utilized processes and procedures that were meant to discriminate against individuals of Chinese descent and/or individuals perceived to be of Chinese or Asian descent by prohibiting or discouraging them from purchasing or leasing a new Land Rover Range Rover vehicle. (*See*, FAC, ¶ 2.)

Notably absent from the FAC is plaintiff and class representative, Sun Meizhi, the only class representative with allegations against defendant LRJ Automotive, LLC dba Jaguar Land Rover Cerritos (erroneously sued as RP Automotive, Inc. dba Penske Jaguar Land Rover Cerritos).   Also notably absent from the FAC are any charging allegations against defendant Aksel Sardaryan.

As more fully set forth below, the FAC fails as to defendants LRJ Automotive, LLC dba Jaguar Land Rover Cerritos and Aksel Sardaryan (collectively "LRJA") for failure to state a claim upon which relief may be granted for lack of standing.  The instant motion should be granted without leave to amend.

## 2.    SUMMARY OF PLEADINGS

### A.    Complaint

This class action complaint was filed on February 24, 2017 in the Superior Court of the State of California for the County of Los Angeles, bearing Case Number BC651940.  Paul Chiu, Yan Hua Wang, Jun Wang, and Sun Meizhi are named as "Plaintiffs," "Class Members" or "Class Representatives" in the complaint. (Complaint, ¶ 1.)  It alleges Paul Chiu is a citizen of California and resident of Los Angeles County.  (Complaint, ¶ 11.)  Yan Hua Wang, Jun Wang, and Sun Meizhi are identified as citizens of the People's Republic of China who regularly and lawfully visit the United States.  (Complaint, ¶¶ 12, 13, 14.)

The complaint states that Paul Chiu attempted to purchase a new Land Rover vehicle from defendants Jaguar Land Rover Newport Beach (Complaint,

¶¶ 116-133), Hornburg Jaguar Land Rover Santa Monica (Complaint, ¶¶ 134-144),
Hornburg Land Rover Hollywood (Complaint, ¶¶ 145-147), and British Motor
Cars Distributor Ltd dba Land Rover of San Francisco (Complaint, ¶¶ 149-154).
The complaint further states that Sun Meizhi went to LRJA to purchase a new
Land Rover vehicle (Complaint, ¶¶ 86-94).  No other class representative,
including Paul Chiu, went to LRJA to purchase a new Land Rover vehicle.

**B.**     **First Amended Complaint**

The FAC was filed in this Court on April 20, 2017 following the Notice of
Removal filed by these moving defendants on April 17, 2017.  The FAC states
plaintiff, Paul Chiu ("Plaintiff," "Class Member" or "Class Representative"),
individually and on behalf of all others similarly situated, brings this class action
for damages and equitable relief under the anti-discrimination laws of the State of
California and the United States of America. (FAC, ¶ 1.)  No other class
representatives are identified.

Several paragraphs of the FAC that identify the parties confirm only Paul
Chiu is a party-plaintiff, (FAC, ¶ 12) and that Aksel Sardaryan is no longer named
as a defendant. (FAC, ¶¶ 13-24.)  Moreover, the FAC contains no charging
allegations against Aksel Sardaryan.  In fact, even the specific allegations asserted
against LRJA, that "a potential customer went to PENSKE LAND ROVER
CERRITOS ("PLRC") to purchase a new Land Rover vehicle", states only that an
employee of PLRC interacted with the potential customer. Aksel Sardaryan is not
identified as the employee.  (FAC, ¶ 45.)

The FAC, following the allegations of the complaint, contends Paul Chiu
attempted to purchase a new Land Rover vehicle from defendants Jaguar Land
Rover Newport Beach (FAC, ¶¶ 49-66), Hornburg Jaguar Land Rover Santa
Monica (FAC, ¶¶ 67-77), Hornburg Land Rover Hollywood (FAC, ¶¶ 78-80), and
British Motor Cars Distributor Ltd dba Land Rover of San Francisco (FAC, ¶¶ 82-
87).  Consistent with the allegations in the complaint, the FAC does not contend

Paul Chiu ever went to LRJ Automotive, LLC dba Jaguar Land Rover Cerritos
(erroneously sued as RP Automotive, Inc. dba Penske Land Rover Cerritos) to
purchase a new Land Rover vehicle.

### 3.  PLAINTIFF PAUL CHIU LACKS STANDING TO MAINTAIN THIS ACTION AGAINST DEFENDANT LRJA

Standing, for purposes of maintaining an action in federal court, is derived
from Article III, Section 2, of the United States Constitution that limits
adjudication in federal court to "cases" and "controversies." Valley Forge
Christian College v. American United for Separation of Church and State, Inc., 454
U.S. 464, 471 (1982). Article III standing is present only when (1) a plaintiff
suffers a concrete, particularized injury; (2) there is a causal connection between
the injury and the conduct complained of; and (3) the injury will likely be
redressed by a favorable decision. See, Lujan v. Defenders of Wildlife, 504 U.S.
555, 560-61 (1992). The absence of any one element deprives a plaintiff of Article
III standing and requires dismissal. Whitmore v. Federal Election Commission, 68
F.3d 1212, 1215 (9th Cir. 1995).

In a class action, if the named plaintiff fails to establish standing, he may not
seek relief on behalf of himself or any other member of the class. Lee v. Oregon,
107 F.3d 1382, 1390 (9th Cir. 1997). Further, "named plaintiffs who represent a
class 'must allege and show that they personally have been injured, not that injury
has been suffered by other, unidentified members of the class to which they belong
and which they purport to represent.'" Simon v. East Kentucky Welfare Rights
Organization, 426 U.S. 26, 40 (1976) (quoting Warth v. Seldin, 422 U.S. 490, 502
(1975).)

In the present action, Paul Chiu has not, and can not, state that he has
suffered a concrete, particularized injury as a result of the conduct complained of
by LRJA. Further, Paul Chiu cannot establish a causal connection between any
injury he seeks redressed and the conduct complained of by LRJA. Accordingly,

Paul Chiu lacks standing under Article III, Section 2, of the United States
Constitution to maintain this action against LRJA.

### 4.    A CLASS ACTION CANNOT BE MAINTAINED AGAINST DEFENDANT LRJA

The prerequisites to maintain a class action under Rule 23(a) are:

1.    A class so numerous that joinder of all members is impracticable;

2.    Questions of law or fact common to the class;

3.    The claims or defenses of the representative parties are typical of the
claims or defenses of the class; and

4.    The representative parties will fairly and adequately protect the
interests of the class.

*FED. R. CIV. P.* 23(a)(1-4).

Because Paul Chiu lacks standing to maintain this action against LRJA, no
class can be certified as to claims for relief against LRJA pursuant to *FED. R. CIV.
P.* 23.  Paul Chiu cannot raise questions of law or fact against LRJA that are
typical of the claims of the class since he has not established that he has had any
contact with LRJA.  (*FED. R. CIV. P.* 23(a)(2).)  As such, Paul Chiu is unable to
assert claims against LRJA that would be typical of claims of the class.  (*FED. R.
CIV. P.* 23(a)(3).)  Finally, because Paul Chiu has no involvement with LRJA, Paul
Chiu is unable to fairly and adequately protect the interests of the class.  (*FED. R.
CIV. P.* 23(a)(4).)  "To establish Article III standing in a class action, at least one
named plaintiff must have standing in his own right to assert a claim against each
named defendant before he may purport to represent a class claim against that
defendant."  Henry v. Circus Circus Casinos, Inc., 223 F.R.D. 541, 544 (D. Nev.
2004).

As shown above, the FAC confirms that Paul Chiu, as the sole identified
Class Representative, visited several Land Rover dealerships wanting to purchase a
new Land Rover Range Rover vehicle, but he never visited LRJA.

## 5.     PLAINTIFFS FAIL TO STATE A VIABLE CLAIM UNDER THE UNRUH ACT

The Unruh Act, California *Civil Code* § 51 provides that all persons within the jurisdiction of California are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, … citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

California *Civil Code* § 52(c) states in pertinent part:

Whenever there is reasonable cause to believe that any person or group of persons is engaged in conduct of resistance to the full enjoyment of any of the rights described in this section, and that conduct is of that nature and is intended to deny the full exercise of those rights, the Attorney General, any district attorney or city attorney, ***or any person aggrieved by the conduct*** may bring a civil action in the appropriate court by filing with it a complaint. (Emphasis added.)

The FAC contends the authorized Land Rover dealerships policies and procedures applied to individuals of a certain race, color, ancestry or national origin had a substantial disparate impact on California residents that are also U.S. citizens and of Asian and/or Chinese descent.  (FAC, ¶ 109.)  However the FAC does not assert that Paul Chiu was harmed by the policies and procedures of LRJA. In fact, Paul Chiu admits in the FAC that he never visited LRJA. (See, FAC ¶¶ 49-66, 67-77, 78-80, and 82-87 where he identifies the dealerships he did visit.)

California Civil Jury Instruction 3020 is intended for use at trial in Unruh Act cases and sets out the essential elements of the claim is based upon the provisions of California *Civil Code* §§ 51 and 52.  It states:

[*Name of plaintiff*] claims that [*name of defendant*] denied [him/her] full and equal

[accommodations/advantages/facilities/privileges/services] because of [his/her]
[sex/race/color/religion/ancestry/national origin/disability/medical condition/
[*insert other actionable characteristic*]].  To establish this claim, [*name of
plaintiff*] must prove all of the following:

1.    That [*name of defendant*][denied/aided or incited a denial
      of/discriminated or made a distinction that denied] full and equal
      [accommodations/advantages/facilities/privileges/services] to [*name
      of plaintiff*];

2.    [That a motivating reason for [*name of defendant*]'s conduct was [it's
      perception of] [*name of plaintiff*]'s
      [sex/race/color/religion/ancestry/national origin/disability/medical
      condition/ [*insert other actionable characteristic*];]
      [That the [sex/race/color/religion/ancestry/national
      origin/disability/medical condition/ [*insert other actionable
      characteristic*]] of a person whom [*name of plaintiff*] was associated
      with was a motivating reason for [*name of defendant*]'s conduct;]

3.    That [*name of plaintiff*] was harmed; and

4.    That [*name of defendant*]'s conduct was a substantial factor in causing
      [*name of plaintiff*]'s harm.

Here, Paul Chiu has not suffered an injury in fact since he never visited
LRJA.  Accordingly, "if none of the named plaintiffs purporting to represent a
class establishes the requisite of a case or controversy with the defendants, none
may seek relief on behalf of himself or any other member of the class."  Lierboe v.
State Farm Mutual Automobile Insurance Company, 350 F.3d 1018, 1022 (9th Cir.
2003).  At least one named plaintiff must have suffered an injury in fact.  Because
Paul Chiu has not, and can not, show that he suffered an injury in fact due to
LRJA's conduct, he is unable to establish a viable claim under the Unruh Act,
either individually or on behalf of a class.

**6.**    **PLAINTIFFS FAIL TO STATE A VIABLE CLAIM UNDER BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.***

The second claim for relief in the FAC alleges defendants engaged in unlawful, unfair and/or fraudulent business practices in violation of California *Business and Professions Code* § 17200 and refused to enter into contracts with Plaintiff because of Plaintiff race, national origin, or ancestry in violation of *Civil Code* §§ 51, *et seq.* and 42 U.S.C. § 1981. This claim merely incorporates all prior allegations of the FAC, and therefore any unfair competition theory of liability must fail for the same reasons identified above.

Specifically, plaintiff lacks standing to assert a claim for relief under *Business and Professions Code* § 17200. <u>Bower v. AT&T Mobility, LLC</u>, 196 Cal. App. 4th 1545, 1554 (2011). The plaintiff must establish a loss or deprivation of money or property caused by the improper conduct sufficient to qualify as an injury in fact. To do so, Paul Chiu must: (1) surrender in a transaction more, or acquire in a transaction less than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary. <u>Kwikset Corp. v. Superior Court</u>, 51 Cal. 4th 310, 323 (2011). There must also be a causal connection between the business practice and the injury. <u>Daro v. Superior Court,</u> 151 Cal.App.4th 1079, 1098-1099 (2007).

As shown repeatedly in the FAC, Paul Chiu has not visited LRJA, does not allege that he has attempted to buy or lease a new Range Rover vehicle from LRJA, and therefore he has not, and can not, claim an injury in fact as a result of the conduct of LRJA. Without this required element, Paul Chiu lacks standing to bring a claim for relief based upon violation of *Business and Professions Code* §§ 17200 *et seq.*, either individually or on behalf of a class.. <u>Kwikset Corp.</u>, *supra*.

///

1

## 7.    **CONCLUSION**

2

3       For the reasons shown, the Class Action First Amended Complaint of

4   plaintiff Paul Chiu must be dismissed as to defendants LRJ Automotive, LLC dba

5   Jaguar Land Rover Cerritos and Aksel Sardaryan.

6

7   DATED: May 4, 2017                          **THE SCALI LAW FIRM**

8

9

10                                              BY: /s/ Robert C. Mizar
                                                Robert C. Mizar
11                                              rcmizar@scalilaw.com
                                                Christian J. Scali
12                                              John P. Swenson
13                                              Attorneys for Defendants,
                                                **LRJ AUTOMOTIVE, LLC DBA**
14                                              **JAGUAR LAND ROVER**
                                                **CERRITOS and AKSEL**
15                                              **SARDARYAN**

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ROBERT C. MIZAR

I, ROBERT C. MIZAR, declare as follows:

    1.    I am an attorney at law licensed to practice before this Court and am a partner of the Scali Law Firm, counsel of record for defendants LRJ Automotive, LLC dba Jaguar Land Rover Cerritos and Aksel Sardaryan.  I have personal knowledge of the matters stated below, and if called upon to testify, I could and would competently testify thereto.

    2.    In accordance with this Court's Standing Order and Local Rule 7-3, I spoke with plaintiff's counsel, Roger Haag, Esq., on May 2, 2017 to meet and confer regarding the allegations of plaintiff's First Amended Complaint ("FAC"), specifically that plaintiff Paul Chiu suffered no injury in fact relative to our clients and therefore lacks standing to maintain the present action.  During this discussion I informed counsel that our office intends to file a motion to dismiss if the meet and confer process is unsuccessful.  Mr. Haag indicated that his office would consider our position and contact me with their decision.

    3.    As of the time of the filing of this motion I have not received a response from Mr. Haag.  Accordingly, this motion is made following the unsuccessful meet and confer of the parties.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on May 4, 2017at Los Angeles, California

By: _____/s/ Robert C. Mizar_____
                     **Robert C. Mizar**

1

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Los Angeles, California; my business address is The Scali Law Firm, 800 Wilshire Blvd, Suite 400, Los Angeles, California 90017.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANTS LRJ AUTOMOTIVE, LLC AND AKSEL SARDARYAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT C. MIZAR**

on the interested parties in said case as follows:

*Served Electronically Via the Court's CM/ECF System:*

ATTORNEYS FOR PLAINTIFF

**LAW OFFICES OF CARLIS & BUCHSBAUM LLP**
GARY R. CARLIN
BRENT S. BUCHSBAUM
555 East Ocean Blvd, Suite 818
Long Beach, CA 90802
gary@carlinbuchsbaum.com
brent@carlinbuchsbaum.com

*Served By Means Other than Electronically Via the Court's CM/ECF System:*

**SEE ATTACHED SERVICE LIST**

☒    BY MAIL: I am readily familiar with the firm's practice of collection and processing of correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than oney day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Los Angeles, California on **May 4, 2017.**

| | |
|---|---|
| Crystal Salazar | /s/ *Crystal Salazar* |
| Declarant | Signature |

# SERVICE LIST

**PENDRAGON NORTH AMERICA, INC. dba HORNBURG JLR SANTA MONICA**
AGENT FOR SERVICE OF PROCESS: CARY HYDEN
650 Town Center Drive, 20th Floor,
Costa Mesa, CA 92626

**PENDRAGON NORTH AMERICA, INC. dba HORNBURG JLR HOLLYWOOD**
AGENT FOR SERVICE OF PROCESS: CARY HYDEN
650 Town Center Drive, 20th Floor,
Costa Mesa, CA 92626

**SAMI OHEB**
c/o Hornburg JLR Hollywood
9176 W. Sunset Blvd,
West Hollywood, CA 90069

**SERGEI KALUSTOV**
c/o Hornburg JLR Santa Monica
3020 Santa Monica Blvd,
Santa Monica, CA 90404

**TERRY YORK MOTOR CARS, LTD dba LAND ROVER ENCINO**
AGENT FOR SERVICE OF PROCESS: CSC LAWYERS INCOPORATING SVC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

**CARLOS DIAZ**
c/o Land Rover Encino
15800 Ventura Blvd,
Encino, CA 91436

**PENEGON NEWPORT BEACH, INC. dba JLR NEWPORT BEACH**
AGENT FOR SERVICE OF PROCESS: CARY HYDEN
650 Town Center Drive, 20th Floor,
Costa Mesa, CA 92626

1

2
**JENNIFER KIM**
c/o JLR Newport Beach
3
1540 Jamboree Road,
Newport Beach, CA 92660
4

5
**NATASHA BIJELIC**
c/o JLR Newport Beach
6
1540 Jamboree Road,
Newport Beach, CA 92660
7

8
**PENEGON MISSION VIEJO, INC. dba JLR MISSION VIEJO**
AGENT FOR SERVICE OF PROCESS: CARY HYDEN
9
650 Town Center Drive, 20th Floor,
Costa Mesa, CA 92626
10

11
**TERRENCE WILSON**
c/o JLR Mission Viejo
12
28701 Marguerite Pkwy,
Mission Viejo, CA 92692
13

14
**BRITISH MOTOR CAR DISTRIBUTORS, LTD dba LR SAN FRANCISCO**
15
AGENT FOR SERVICE OF PROCESS: LAURA HIURA
901 Van Ness Ave,
16
San Francisco, CA 94109
17

18
**GILLIAN PENITENTI**
c/o LR San Francisco
19
901 Van Ness Ave,
San Francisco, CA 94109
20

21

22

23

24

25

26

27

28