Christian J. Scali, Esq. (SBN 193785)
Robert C. Mizar, Esq. (SBN 207221)
John P. Swenson, Esq. (SBN 224110)
**THE SCALI LAW FIRM**
800 Wilshire Boulevard, Suite 400
Los Angeles, California 90017
Telephone: (213) 239-5622
Facsimile: (213) 239-5623
cscali@scalilaw.com
rcmizar@scalilaw.com
jswenson@scalilaw.com

Attorneys for Defendants,
**Anaheim Hills Jaguar Land Rover, Inc. dba Jaguar Land Rover Anaheim Hills and John Totaro**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PAUL CHIU, an individual, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>PENDRAGON NORTH AMERICA, INC. dba HORNBURG JAGUAR LAND ROVER SANTA MONICA and HORNBURG LAND ROVER HOLLYWOOD, a California Corporation, *et al.*<br><br>Defendants. | **CASE NO.: 2:17-cv-02877-JFW-RAO**<br><br>[Assigned to the Hon. John F. Walter]<br><br>**DEFENDANTS ANAHEIM HILLS JAGUAR LAND ROVER, INC. AND JOHN TOTARO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT C. MIZAR**<br><br>Date: June 5, 2017<br>Time: 1:30 P.M.<br>Ctrm: 7A |

**TO PLAINTIFF AND TO THE HONORABLE COURT:**

PLEASE TAKE NOTICE that on June 5, 2017 at 1:30 P.M. in Courtroom 7A of the above-entitled Court, the Honorable John F. Walter, Judge, presiding, defendants Anaheim Hills Jaguar Land Rover, Inc. dba Jaguar Land Rover

Anaheim Hills and John Totaro (collectively "AHJLR"), will move to dismiss the claims for relief alleged in the First Amended Complaint ("FAC") of plaintiff Paul Chiu pursuant to Federal Rule of Civil Procedure 12(b)(6). Grounds for the motion are:

**First Claim for Relief: Violation of the Unruh Act.**

Plaintiff fails to state a claim for relief because the FAC fails to state a claim upon which relief may be granted, and plaintiff lacks standing to assert this claim.

**Second Claim for Relief: Violation of California Business and Professions Code §§ 17200, *et seq.***

Plaintiff fails to state a claim for relief because the FAC fails to state a claim upon which relief may be granted, and plaintiff lacks standing to assert this claim.

The motion is based on this notice, the memorandum of points and authorities, the FAC, on the declaration of Robert C. Mizar, and upon oral argument asserted by AHJLR at the hearing on the motion.

Compliance with Local Rule 7-3. This motion is made following AHJLR's meet and confer attempts as more particularly set forth in the Declaration of Robert C. Mizar.

DATED: May 4, 2017                          THE SCALI LAW FIRM

BY: /s/ Robert C. Mizar
Robert C. Mizar
rcmizar@scalilaw.com
Christian J. Scali
John P. Swenson
Attorneys for Defendants,
**ANAHEIM HILLS JAGUAR LAND ROVER, INC. DBA JAGUAR LAND ROVER ANAHEIM HILLS and JOHN TOTARO**

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION ................................................................................................ 1

2. SUMMARY OF PLEADINGS ........................................................................... 1

    A. Complaint .................................................................................................. 1

    B. First Amended Complaint ......................................................................... 2

3. PLAINTIFF PAUL CHIU LACKS STANDING TO MAINTAIN THIS ACTION AGAINST DEFENDANT AHJLR .................................... 3

4. A CLASS ACTION CANNOT BE MAINTAINED AGAINST DEFENDANT AHJLR ........................................................................................ 4

5. PLAINTIFFS FAIL TO STATE A VIABLE CLAIM UNDER THE UNRUH ACT ............................................................................................ 5

6. PLAINTIFFS FAIL TO STATE A VIABLE CLAIM UNDER BUSINESS AND PROFESSIONS CODE §§17200 *et seq.* ......................... 7

7. CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL AND STATE CASES**

Bower v. AT&T Mobility, LLC,
   196 Cal. App. 4th 1545 (2011) .................................................................... 7

Daro v. Superior Court,
   151 Cal. App. 4th 1079 (2007) .................................................................... 7

Henry v. Circus Circus Casinos, Inc.
   223 F.R.D. 541 (D. Nev. 2004) .................................................................... 4

Kwikset Corp. v. Superior Court,
   51 Cal. 4th 310 (2011) ................................................................................. 7

Lee v. Oregon,
   107 F.3d 1382 (9th Cir. 1997) ..................................................................... 3

Lierboe v. State Farm Mutual Automobile Insurance Company,
   350 F.3d 1018 (9th Cir. 2003) ..................................................................... 6

Lujan v. Defenders of Wildlife,
   504 U.S. 555 (1992) ..................................................................................... 3

Simon v East Kentucky Welfare Rights Organization,
   426 U.S. 26 (1976) ....................................................................................... 3

Valley Forge Christian College v American United for Separation of Church and State, Inc.,
   454 U.S. 464 (1982) ..................................................................................... 3

Warth v. Seldin,
   422 U.S. 490 (1975) ..................................................................................... 3

Whitmore v Federal Election Commission,
   68 F.3d 1212 (9th Cir. 1995) ....................................................................... 3

**FEDERAL AND STATE STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* .................................................................. 7

Cal. Civ. Code §§ 51, *et seq.* ............................................................................... 5, 7

Cal. Civ. Code § 52 .................................................................................................. 5

Cal. Civ. Code § 52(c) ............................................................................................. 5

42 U.S.C. § 1981 ...................................................................................................... 7

Fed. R. Civ. P. 23 ..................................................................................................... 4

Fed. R. Civ. P. 23(a)(1-4) ........................................................................................ 4

Fed. R. Civ. P. 23(a)(2) ........................................................................................... 4

Fed. R. Civ. P. 23(a)(3) ........................................................................................... 4

Fed. R. Civ. P. 23(a)(4) ........................................................................................... 4


**OTHER AUTHORITIES**

Cal. Civ. Jury Instruction 3020 ............................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

The class action first amended complaint ("FAC") alleges that several Land Rover dealerships utilized processes and procedures that were meant to discriminate against individuals of Chinese descent and/or individuals perceived to be of Chinese or Asian descent by prohibiting or discouraging them from purchasing or leasing a new Land Rover Range Rover vehicle. (*See,* FAC, ¶ 2.)

Notably absent from the FAC is plaintiff and class representative, Jun Wang, the only class representative with allegations against defendant Anaheim Hills Jaguar Land Rover, Inc. dba Jaguar Land Rover Anaheim Hills   Also notably absent from the FAC are any charging allegations against defendant John Totaro.

As more fully set forth below, the FAC fails as to defendants Anaheim Hills Jaguar Land Rover, Inc. dba Jaguar Land Rover Anaheim Hills and John Totaro (collectively "AHJLR") for failure to state a claim upon which relief may be granted for lack of standing. The instant motion should be granted without leave to amend.

### 2. SUMMARY OF PLEADINGS

**A.  Complaint**

This class action complaint was filed on February 24, 2017 in the Superior Court of the State of California for the County of Los Angeles, bearing Case Number BC651940. Paul Chiu, Yan Hua Wang, Jun Wang, and Sun Meizhi are named as "Plaintiffs," "Class Members" or "Class Representatives" in the complaint. (Complaint, ¶ 1.) It alleges Paul Chiu is a citizen of California and resident of Los Angeles County. (Complaint, ¶ 11.) Yan Hua Wang, Jun Wang, and Sun Meizhi are identified as citizens of the People's Republic of China who regularly and lawfully visit the United States. (Complaint, ¶¶ 12, 13, 14.)

The complaint states that Paul Chiu attempted to purchase a new Land Rover vehicle from defendants Jaguar Land Rover Newport Beach (Complaint,

¶¶ 116-133), Hornburg Jaguar Land Rover Santa Monica (Complaint, ¶¶ 134-144), Hornburg Land Rover Hollywood (Complaint, ¶¶ 145-147), and British Motor Cars Distributor Ltd dba Land Rover of San Francisco (Complaint, ¶¶ 149-154). The complaint further states that Jun Wang went to AHJLR to purchase a new Land Rover vehicle (Complaint, ¶¶ 76-83). No other class representative, including Paul Chiu, went to AHJLR to purchase a new Land Rover vehicle.

B.   **First Amended Complaint**

The FAC was filed in this Court on April 20, 2017 following the Notice of Removal filed by these moving defendants on April 17, 2017. The FAC states plaintiff, Paul Chiu ("Plaintiff," "Class Member" or "Class Representative"), individually and on behalf of all others similarly situated, brings this class action for damages and equitable relief under the anti-discrimination laws of the State of California and the United States of America. (FAC, ¶ 1.) No other class representatives are identified.

Several paragraphs of the FAC that identify the parties confirm that only Paul Chiu is a party-plaintiff, (FAC, ¶ 12) and that John Totaro is no longer named as a defendant. (FAC, ¶¶ 13-24.) Moreover, the FAC contains no charging allegations against John Totaro. In fact, even the specific allegations asserted against AHJLR, that "a potential customer went to Land Rover Anaheim Hills ("LRAH") to purchase a new Land Rover vehicle", states only that an employee of LRAH interacted with the potential customer. Aksel Sardaryan is never identified as the employee. (FAC, ¶ 44.)

The FAC, following the allegations of the complaint, contends Paul Chiu attempted to purchase a new Land Rover vehicle from defendants Jaguar Land Rover Newport Beach (FAC, ¶¶ 49-66), Hornburg Jaguar Land Rover Santa Monica (FAC, ¶¶ 67-77), Hornburg Land Rover Hollywood (FAC, ¶¶ 78-80), and British Motor Cars Distributor Ltd dba Land Rover of San Francisco (FAC, ¶¶ 82-87). Consistent with the allegations in the complaint, the FAC does not contend

Paul Chiu ever went to Anaheim Hills Jaguar Land Rover, Inc. dba Jaguar Land Rover Anaheim Hills to purchase or lease a new Land Rover vehicle.

### 3. PLAINTIFF PAUL CHIU LACKS STANDING TO MAINTAIN THIS ACTION AGAINST DEFENDANT AHJLR

Standing, for purposes of maintaining an action in federal court, is derived from Article III, Section 2, of the United States Constitution that limits adjudication in federal court to "cases" and "controversies." Valley Forge Christian College v. American United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). Article III standing is present only when (1) a plaintiff suffers a concrete, particularized injury; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision. See, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The absence of any one element deprives a plaintiff of Article III standing and requires dismissal. Whitmore v. Federal Election Commission, 68 F.3d 1212, 1215 (9th Cir. 1995).

In a class action, if the named plaintiff fails to establish standing, he may not seek relief on behalf of himself or any other member of the class. Lee v. Oregon, 107 F.3d 1382, 1390 (9th Cir. 1997). Further, "named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" Simon v. East Kentucky Welfare Rights Organization, 426 U.S. 26, 40 (1976) (quoting Warth v. Seldin, 422 U.S. 490, 502 (1975).)

In the present action, Paul Chiu has not, and can not, state that he has suffered a concrete, particularized injury as a result of the conduct complained of by AHJLR. Further, Paul Chiu cannot establish a causal connection between any injury he seeks redressed and the conduct complained of by AHJLR. Accordingly, Paul Chiu lacks standing under Article III, Section 2, of the United States

Constitution to maintain this action against AHJLR.

### 4. A CLASS ACTION CANNOT BE MAINTAINED AGAINST DEFENDANT AHJLR

The prerequisites to maintain a class action under Rule 23(a) are:

1. A class so numerous that joinder of all members is impracticable;
2. Questions of law or fact common to the class;
3. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
4. The representative parties will fairly and adequately protect the interests of the class.

*FED. R. CIV. P.* 23(a)(1-4).

Because Paul Chiu lacks standing to maintain this action against AHJLR, no class can be certified as to claims for relief against AHJLR pursuant to *FED. R. CIV. P.* 23. Paul Chiu cannot raise questions of law or fact against AHJLR that are typical of the claims of the class since he has not established that he has had any contact with AHJLR. (*FED. R. CIV. P.* 23(a)(2).) As such, Paul Chiu is unable to assert claims against AHJLR that would be typical of claims of the class. (*FED. R. CIV. P.* 23(a)(3).) Finally, because Paul Chiu has no involvement with AHJLR, Paul Chiu is unable to fairly and adequately protect the interests of the class. (*FED. R. CIV. P.* 23(a)(4).) "To establish Article III standing in a class action, at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant." Henry v. Circus Circus Casinos, Inc., 223 F.R.D. 541, 544 (D. Nev. 2004).

As shown above, the FAC confirms that Paul Chiu, as the sole identified Class Representative, visited several Land Rover dealerships wanting to purchase a new Land Rover Range Rover vehicle, but he never visited AHJLR.

///

## 5. PLAINTIFFS FAIL TO STATE A VIABLE CLAIM UNDER THE UNRUH ACT

The Unruh Act, California *Civil Code* § 51 provides that all persons within the jurisdiction of California are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, … citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

California *Civil Code* §52(c) states in pertinent part:

> Whenever there is reasonable cause to believe that any person or group of persons is engaged in conduct of resistance to the full enjoyment of any of the rights described in this section, and that conduct is of that nature and is intended to deny the full exercise of those rights, the Attorney General, any district attorney or city attorney, **or any person aggrieved by the conduct** may bring a civil action in the appropriate court by filing with it a complaint. (Emphasis added.)

The FAC contends the authorized Land Rover dealerships policies and procedures applied to individuals of a certain race, color, ancestry or national origin had a substantial disparate impact on California residents that are also U.S. citizens and of Asian and/or Chinese descent. (FAC, ¶ 109.) However the FAC does not assert that Paul Chiu was harmed by the policies and procedures of AHJLR. In fact, Paul Chiu admits in the FAC that he never visited AHJLR. (See, FAC ¶¶ 49-66, 67-77, 78-80, and 82-87 where he identifies the dealerships he did visit.)

California Civil Jury Instruction 3020 is intended for use in Unruh Act cases and is based upon the provisions of California *Civil Code* §§ 51 and 52. It states:

[*Name of plaintiff*] claims that [*name of defendant*] denied [him/her] full and equal

[accommodations/advantages/facilities/privileges/services] because of [his/her] [sex/race/color/religion/ancestry/national origin/disability/medical condition/ [*insert other actionable characteristic*]]. To establish this claim, [*name of plaintiff*] must prove all of the following:

1. That [*name of defendant*][denied/aided or incited a denial of/discriminated or made a distinction that denied] full and equal [accommodations/advantages/facilities/privileges/services] to [*name of plaintiff*];
2. [That a motivating reason for [*name of defendant*]'s conduct was [it's perception of] [*name of plaintiff*]'s [sex/race/color/religion/ancestry/national origin/disability/medical condition/ [*insert other actionable characteristic*];]

   [That the [sex/race/color/religion/ancestry/national origin/disability/medical condition/ [*insert other actionable characteristic*]] of a person whom [*name of plaintiff*] was associated with was a motivating reason for [*name of defendant*]'s conduct;]
3. That [*name of plaintiff*] was harmed; and
4. That [*name of defendant*]'s conduct was a substantial factor in causing [*name of plaintiff*]'s harm.

Here, Paul Chiu cannot show that he was harmed since he never visited AHJLR. Naturally, he cannot show AHJLR's conduct was a substantial factor in causing his harm. Accordingly, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." <u>Lierboe v. State Farm Mutual Automobile Insurance Company</u>, 350 F.3d 1018, 1022 (9th Cir. 2003). At least one named plaintiff must have suffered an injury in fact. Because Paul Chiu has not, and can not, show that he suffered an injury in fact due to AHJLR's conduct, he is unable to establish a viable claim

under the Unruh Act, either individually or on behalf of a class.

## 6. PLAINTIFFS FAIL TO STATE A VIABLE CLAIM UNDER BUSINESS AND PROFESSIONS CODE §§17200 *et seq.*

The second claim for relief in the FAC alleges defendants engaged in unlawful, unfair and/or fraudulent business practices in violation of California *Business and Professions Code* § 17200 and refused to enter into contracts with Plaintiff because of Plaintiff race, national origin, or ancestry in violation of *Civil Code* §§ 51, *et seq.* and 42 U.S.C. § 1981. This claim merely incorporates all prior allegations of the FAC, and therefore any unfair competition theory of liability must fail for the same reasons identified above.

Specifically, plaintiff lacks standing to assert a claim for relief under *Business and Professions Code* § 17200. Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1554 (2011). The plaintiff must establish a loss or deprivation of money or property caused by the improper conduct sufficient to qualify as an injury in fact. To do so, Paul Chiu must: (1) surrender in a transaction more, or acquire in a transaction less than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary. Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 323 (2011). There must also be a causal connection between the business practice and the injury. Daro v. Superior Court, 151 Cal. App. 4th 1079, 1098-1099 (2007).

As shown repeatedly in the FAC, Paul Chiu has not visited AHJLR, does not allege that he has attempted to buy or lease a new Range Rover vehicle from AHJLR, and therefore he has not, and can not, claim an injury in fact as a result of the conduct of AHJLR. Without this required element, Paul Chiu lacks standing to bring a claim for relief based upon violation of *Business and Professions Code* §§ 17200 *et seq.*, either individually or on behalf of a class. Kwikset Corp., *supra*.

### 7. CONCLUSION

For the reasons shown, the Class Action First Amended Complaint of plaintiff Paul Chiu must be dismissed as to defendants Anaheim Hills Jaguar Land Rover, Inc. dba Jaguar Land Rover Anaheim Hills and John Totaro.

DATED: May 4, 2017                    THE SCALI LAW FIRM

BY: /s/ Robert C. Mizar
Robert C. Mizar
rcmizar@scalilaw.com
Christian J. Scali
John P. Swenson
Attorneys for Defendants,
**ANAHEIM HILLS JAGUAR LAND ROVER, INC. DBA JAGUAR LAND ROVER ANAHEIM HILLS and JOHN TOTARO**

**DECLARATION OF ROBERT C. MIZAR**

I, ROBERT C. MIZAR, declare as follows:

1. I am an attorney at law licensed to practice before this Court and am a partner of the Scali Law Firm, counsel of record for defendants Anaheim Hills Jaguar Land Rover, Inc. dba Jaguar Land Rover Anaheim Hills and John Totaro. I have personal knowledge of the matters stated below, and if called upon to testify, I could and would competently testify thereto.

2. On May 3, 2017, our office was retained to represent defendants Anaheim Hills Jaguar Land Rover, Inc. dba Jaguar Land Rover Anaheim Hills and John Totaro in this matter.

3. On that same day and within a short time of being retained, pursuant to this Court's Standing Order and Local Rule 7-3, I telephoned plaintiff's counsel, Roger Haag, Esq., to meet and confer regarding the allegations of plaintiff's First Amended Complaint ("FAC"), specifically that plaintiff Paul Chiu suffered no injury in fact relative to our clients and therefore lacks standing to maintain the present action. Mr. Haag was unavailable to accept my call and I left him a voice message informing him of our retention and describing our position relative to the FAC. I requested that Mr. Haag return my call as soon as possible to discuss these concerns and that our office will file a motion to dismiss on behalf of these defendants if our meet and confer discussions fail.

4. As of the time of the filing of this motion I have not received a response from Mr. Haag. Accordingly, this motion is made following the unsuccessful meet and confer of the parties.

///
///
///
///
///

00074464.1                                                          1           CASE NO.: 2:17-CV-02877-JFW-RAO
                                                                                                      DECLARATION OF ROBERT C. MIZAR

1  I declare under penalty of perjury under the laws of the State of California
2  that the foregoing is true and correct.
3
4  Executed on May 4, 2017at Los Angeles, California
5
6  By: /s/ Robert C. Mizar
7  **ROBERT C. MIZAR**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Los Angeles, California; my business address is The Scali Law Firm, 800 Wilshire Blvd, Suite 400, Los Angeles, California 90017.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANTS ANAHEIM HILLS JAGUAR LAND ROVER, INC. AND JOHN TOTARO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT C. MIZAR**

on the interested parties in said case as follows:

*Served Electronically Via the Court's CM/ECF System:*

ATTORNEYS FOR PLAINTIFF

**LAW OFFICES OF CARLIS & BUCHSBAUM LLP**
GARY R. CARLIN
BRENT S. BUCHSBAUM
555 East Ocean Blvd, Suite 818
Long Beach, CA 90802
gary@carlinbuchsbaum.com
brent@carlinbuchsbaum.com

*Served By Means Other than Electronically Via the Court's CM/ECF System:*

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing of correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Los Angeles, California on **May 4, 2017.**

| Crystal Salazar | /s/ *Crystal Salazar* |
|---|---|
| Declarant | Signature |

# SERVICE LIST

**PENDRAGON NORTH AMERICA, INC. dba HORNBURG JLR SANTA MONICA**
AGENT FOR SERVICE OF PROCESS: CARY HYDEN
650 Town Center Drive, 20th Floor,
Costa Mesa, CA 92626

**PENDRAGON NORTH AMERICA, INC. dba HORNBURG JLR HOLLYWOOD**
AGENT FOR SERVICE OF PROCESS: CARY HYDEN
650 Town Center Drive, 20th Floor,
Costa Mesa, CA 92626

**SAMI OHEB**
c/o Hornburg JLR Hollywood
9176 W. Sunset Blvd,
West Hollywood, CA 90069

**SERGEI KALUSTOV**
c/o Hornburg JLR Santa Monica
3020 Santa Monica Blvd,
Santa Monica, CA 90404

**TERRY YORK MOTOR CARS, LTD dba LAND ROVER ENCINO**
AGENT FOR SERVICE OF PROCESS: CSC LAWYERS INCOPORATING SVC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

**CARLOS DIAZ**
c/o Land Rover Encino
15800 Ventura Blvd,
Encino, CA 91436

**PENEGON NEWPORT BEACH, INC. dba JLR NEWPORT BEACH**
AGENT FOR SERVICE OF PROCESS: CARY HYDEN
650 Town Center Drive, 20th Floor,
Costa Mesa, CA 92626

00074464.1                                    3        CASE NO.: 2:17-cv-02877-JFW-RAO
                                                       CERTIFICATE OF SERVICE

| | |
|---|---|
| 1 | **JENNIFER KIM** |
| 2 | c/o JLR Newport Beach<br>1540 Jamboree Road, |
| 3 | Newport Beach, CA 92660 |
| 4 | **NATASHA BIJELIC** |
| 5 | c/o JLR Newport Beach<br>1540 Jamboree Road, |
| 6 | Newport Beach, CA 92660 |
| 7 | |
| 8 | **PENEGON MISSION VIEJO, INC. dba JLR MISSION VIEJO**<br>AGENT FOR SERVICE OF PROCESS: CARY HYDEN |
| 9 | 650 Town Center Drive, 20th Floor,<br>Costa Mesa, CA 92626 |
| 10 | |
| 11 | **TERRENCE WILSON** |
| 12 | c/o JLR Mission Viejo<br>28701 Marguerite Pkwy, |
| 13 | Mission Viejo, CA 92692 |
| 14 | **BRITISH MOTOR CAR DISTRIBUTORS, LTD dba LR SAN FRANCISCO** |
| 15 | AGENT FOR SERVICE OF PROCESS: LAURA HIURA<br>901 Van Ness Ave, |
| 16 | San Francisco, CA 94109 |
| 17 | **GILLIAN PENITENTI** |
| 18 | c/o LR San Francisco |
| 19 | 901 Van Ness Ave,<br>San Francisco, CA 94109 |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |